IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CR 04 |
| vs. | ) | Hon. Joan H. Lefkow |
| | ) | |
| TIMOTHY WALDING, | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO:   Michael Ferrara
     Assistant United States Attorney
     219 S. Dearborn St., 5th Floor
     Chicago, IL 60604

Please take notice that on this 2ND day of April, 2008, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

– DEFENDANT'S MOTION TO SUPPRESS SHOW-UP IDENTIFICATION

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By:   s/*Mary H. Judge*
        Mary H. Judge

MARY H. JUDGE
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL  60603
(312) 621-8336

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | No. 08 CR 04 |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | |
| **TIMOTHY WALDING** | ) | |

**DEFENDANT'S MOTION TO SUPPRESS SHOW-UP IDENTIFICATION**

Defendant TIMOTHY WALDING, by the Federal Defender Program and its attorney MARY H. JUDGE, respectfully requests that this Court suppress witness Edgar Hernandez's out-of-court identification of Timothy Walding. Any in-court or out-of-court identification by Mr. Hernandez would violate Due Process because the line-up procedure employed was unduly suggestive and unreliable. In support the defendant states as follows:

**I.   FACTS**

The following information is a summary of Chicago Police Detective S. Soria's (21085) investigation report of Timothy Walding's arrest on January 17, 2007[1]:

Edgar Hernandez works for Congress Pizzeria as a delivery driver. On January 16, 2007, he was given a food order for delivery to 1950 North Spaulding in Chicago. When Hernandez drove to the area he called the phone number on the food order receipt and

---

[1] The discovery in this case is at times inconsistent. This report is used as it was prepared by the Detective and summarizes the statements of key witnesses.

2

advised an unknown male that he was outside the address. Two males exited the apartment complex on North Spaulding and approached Hernandez. Hernandez described the first male as wearing a ski mask and having green eyes and a tattoo of a ghost on his neck. This individual displayed a small silver gun and pointed it at Hernandez and stated "you know what time this is." The second individual, described as a male Hispanic wearing dark clothing, dragged Hernandez to the ground, took $37.00 out of his pocket, and took the white box and brown paper bag containing food. At the same time, the first individual placed a gun in Hernandez's mouth, and stated "I ain't playing".

Hernandez stated that the two individuals fled into the apartment complex at 1946 North Spaulding. Hernandez called 911 on his cell phone and waited in the courtyard for the police to arrive. Within minutes the police arrived and entered the 1946 North Spaulding apartment building. After knocking on one of the apartment doors, the officers were lead into the occupied apartment by Ms. Antoinette Ruiz. Also present in the apartment were Ms. Angelita Jusino, Mr. Timothy Walding, Ms. Marisol Delgato and Mr. Omar Cruz. The officers observed a white pizza box and a gun and immediately arrested Timothy Walding and Omar Cruz. The officers then brought both Mr. Walding and Cruz, in handcuffs, out into the courtyard where Hernandez was waiting. Hernandez then identified Timothy Walding and Omar Cruz as the two individuals who robbed him.

**II.     ARGUMENT**

The Due Process Clause protects a defendant's right to be free from unnecessarily suggestive confrontations.  *See Stovall v. Denno*, 388 U.S. 293, 302 (1967) (*overruled on other grounds*).  A court may suppress a pre-trial identification of the defendant if the procedures employed by the police were inherently suggestive and created a substantial likelihood of irreparable misidentification.  *See Manson v. Brathwaite*, 432 U.S. 98, 106 (1977); *Neil v. Biggers,* 409 U.S. 188, 197 (1972).  There is a two-step test courts employ to examine the identification procedure.  In step one, the court determines whether the procedure was unreasonably suggestive.  If the court determines that it was, then the court moves on to step two to determine if the identification, viewed under the totality of the circumstances, was reliable despite the suggestive procedures.  *United States v. Rogers*, 387 F.3d 925, 936 (7th Cir. 2004).  The two inquiries are separate and should be considered in order.  *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988).

The most widely condemned pre-trial identification practice is the show-up, where officers show the witness only one suspect, either through a photo or in person.  *See Stoval,* 388 U.S. at 302; *United States v. Funches,* 84 F.3d 249, 253 (7th Cir. 1996).  Show ups have been criticized because of their potential to render unreliable, mistaken identities. *Id.*

Not surprisingly, where the in-court identification follows a previous out-of-court identification that was unduly suggestive, "the in-court identification is inadmissible

unless it is so reliable, in view of the totality of the circumstances, as to prevent a substantial likelihood of misidentification." *United States v. Rutledge,* 40 F.3d 879, 889 (7th Cir. 1994), *rev'd on other grounds,* 517 U.S. 292 (1996). "When the suggestiveness of the out-of-court identification has been conceded, the government bears the burden of proving by clear and convincing evidence that the in-court identification was based upon observations of the suspect other than at the prior, illegal identification." *Cossell v. Miller,* 229 F.3d 649, 655 (7th Cir. 2000).

### III.   CONCLUSION

Because the show-up identification procedure employed by the police was unnecessarily suggestive and created a substantial likelihood of irreparable misidentification, it is unreliable even when considered under the totality of the circumstances, and, therefore, Mr. Walding moves to suppress Edgar Hernandez's out-of-court identification. This Court should also suppress any in-court identification by Edgar Hernandez, as any such identification would be based solely upon observations stemming from the illegal identification.

WHEREFORE the defendant moves this Court for an Order suppressing Edgar Hernandez's out-of-court or in-court identification of Timothy Walding.

                        Respectfully submitted,
                        FEDERAL DEFENDER PROGRAM
                        Terence F. MacCarthy
                        Executive Director

By:    *s/Mary H. Judge*
          Mary H. Judge
          *Attorney for Timothy Walding*

Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60603
312. 621. 8336

**CERTIFICATE OF SERVICE**

     The undersigned, <u>Mary H. Judge</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

     DEFENDANT'S MOTION TO SUPPRESS SHOW-UP IDENTIFICATION

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>April 2, 2008</u>, to counsel/parties that are non-ECF filers.

     By:   <u>s/Mary H. Judge</u>
              MARY H. JUDGE
              FEDERAL DEFENDER PROGRAM
              55 E. Monroe St., Suite 2800
              Chicago, Illinois 60603
              (312) 621-8336